IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD ERIC JOHNSON,

        Plaintiff,

        v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

No. 03:12-cv-02284-HZ

OPINION & ORDER

Lisa R.J. Porter
KP LAW LLC
16200 S.W. Pacific Highway, Suite H-280
Portland, Oregon 97224

    Attorney for Plaintiff

S. Amanda Marshall
UNITED STATES ATTORNEY
District of Oregon
Adrian L. Brown
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201-2902

1 - OPINION & ORDER

Gerald J. Hill
SPECIAL ASSISTANT UNITED STATES ATTORNEY
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Plaintiff Richard Johnson brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). I reverse the Commissioner's decision and remand for additional proceedings.

## PROCEDURAL BACKGROUND

    Plaintiff applied for DIB on April 19, 2010, alleging an onset date of June 1, 2009. Tr. 172-79. His application was denied initially and on reconsideration. Tr. 98-108, 116-120.

    On October 11, 2011, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 39-90. On November 4, 2011, the ALJ found Plaintiff not disabled. Tr. 18-35. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

    Plaintiff alleges disability based on problems with his back and hip. Tr. 253-54. At the time of the hearing, he was fifty-four years old. Tr. 50. He is a high school graduate and has past relevant work experience as a warehouse worker and delivery driver. Tr. 28, 50. Because the parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20

3 - OPINION & ORDER

C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date through his date of last insured. Tr. 23. Next, at steps two and three, the ALJ determined that Plaintiff has severe impairments of degenerative disc disease of the thoracic and lumbar spine, but that the impairments do not meet or equal, either singly or in combination, a listed impairment. Tr. 23-26.

At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform less than the full range of light work with postural limitations to occasional balancing, stooping, kneeling, crouching, and crawling. Tr. 26. He also concluded that Plaintiff required a sit-stand option, being able to sit, stand, and walk up to four hours in each activity (cumulatively, not consecutively), in a normal eight-hour workday with normal breaks. Id. He can walk for no more than forty-five minutes at a time and he needs to avoid vibration. Id. With this RFC, the ALJ determined that Plaintiff is unable to perform any of his past relevant work. Tr. 28. However, at step five, the ALJ determined that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as electronics worker and small production line assembly. Tr. 29. Thus, the ALJ determined that Plaintiff is not disabled. Id.

STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

DISCUSSION

Plaintiff argues that the ALJ erred in finding his testimony not credible and in failing to fully credit his physician's RFC assessment.

I. Credibility

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not credible. Tr. 27. In support of his conclusion, the ALJ made the following findings: (1) despite consistently reporting that he spent eighty-five percent of each day in his recliner because of unbearable pain, there was no anatomical basis for the level of pain alleged; (2) Plaintiff's statement that he "take[s] medical pot" was not credible because it was in

5 - OPINION & ORDER

conflict with the directives of his treating physician Dr. Jeanne Button, M.D.; (3) his activities of daily living were inconsistent with his alleged level of pain because he cuts the grass, visits his mother two miles away three to four times per week, drives, takes his wife grocery shopping, showers and baths, and attends to personal grooming and hygiene; (4) he claimed to have visited a chiropractor because of a car accident but the record showed that his treating physician referred him to the chiropractor and there was no mention of the accident; and (5) his pain allegations were inconsistent in that he reported his pain to Dr. Tewfik and Dr. Button as a seven, eight, or ten on a one-to-ten scale, but in March and April 2011 he reported to the chiropractor that it was at levels of one to three.  Tr. 25, 27.

The ALJ is responsible for determining credibility.  Vasquez, 572 F.3d at 591.  Once a claimant shows an underlying impairment and a causal relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering.  Carmickle v. Comm'r, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on 'clear and convincing reasons'").

When determining the credibility of a plaintiff's complaints of pain or other limitations, the ALJ may properly consider several factors, including the plaintiff's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence.  Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).  The ALJ may also consider the ability to perform household chores, the lack of any side effects from prescribed

medications, and the unexplained absence of treatment for excessive pain. Id.

Plaintiff first argues that the ALJ erred in his credibility determination by not expressly recognizing his thirty-plus year work history or his volunteer work. In support, Plaintiff cites Nunn v. Heckler, 732 F.2d 645 (8th Cir. 1984), where the Eighth Circuit held that the ALJ erred in his credibility determination. The court did not hold, as Plaintiff suggests, that an ALJ must consider a claimant's paid or volunteer history in evaluating the claimant's credibility. Id. at 648. Instead, the court noted that the ALJ offered various reasons to reject the claimant's testimony as a "guise for his belief that the 'overall medical evidence' did not fully support" the claimant's complaints. Id. In discussing why this was error, the court noted that there was objective medical evidence of a back impairment and possible chest condition. Id. The court added as an observation that there was no evidence of malingering and in support of that statement, the court cited the plaintiff's consistent work record and her attempts to alleviate her pain by various methods. Id. at 648-49. Plaintiff's argument that the ALJ must expressly acknowledge a claimant's work history in determining a claimant's credibility is not supported by the law.

Additionally, in his decision, the ALJ in this case acknowledged Plaintiff's earnings record and his past relevant work. Tr. 21, 28. And, during the hearing, the ALJ expressly mentioned to Plaintiff that Plaintiff's earnings record went back to 1976 and it appeared that the Plaintiff had worked all that time. Tr. 52. The ALJ told Plaintiff that having worked "that whole time" makes a difference and is "something that's in [Plaintiff's] favor." Id. He explicitly commended Plaintiff for his work history. Id. Therefore, the record establishes that the ALJ was aware of Plaintiff's long work history and found it a positive factor. The ALJ did not err in failing to affirmatively mention it in his decision.

Next, Plaintiff argues that the record does not support the other bases cited by the ALJ for rejecting his subjective testimony. Plaintiff contends that the ALJ erroneously discounted his credibility by stating that the degree of his symptoms is not supported by the objective medical evidence. The ALJ may consider objective medical evidence in determining a claimant's credibility regarding subjective symptom testimony as long as the ALJ does not reject such testimony solely because it is unsubstantiated by the objective medical evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c); Rollins v. Massanari, 261 F.3d 853, 856, 857 (9th Cir. 2001) ("Once a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain[;] . . . While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.") (internal quotation and brackets omitted) .

The ALJ correctly noted that Dr. Button, Plaintiff's treating physician, stated that "there is nothing clearly anatomically wrong with these regions other than inflammation" and that Plaintiff "feels disabled because of pain, but does not have a clear anatomic impairment which should prevent him from doing daily or usual work activities." Tr. 530-31; see also Tr. 542-44 (July 13, 2009 Office Visit record in which Dr. Button discussed Plaintiff's pain and expressed hesitance about prescribing chronic opioid medication "without clear anatomic pain generators"). As long as the ALJ has other clear and convincing reasons based on substantial evidence in the record to support his rejection of Plaintiff's subjective symptom testimony, he did not err in noting that Plaintiff's own treating physician stated that the objective medical evidence did not cause the

8 - OPINION & ORDER

pain symptoms Plaintiff claims.  Rollins, 257 F.3d at 857; see also Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (along with other reasons, lack of objective medical evidence relevant to credibility determination).

  The ALJ in this case offers more than one additional reason for discounting Plaintiff's credibility.  First, an inconsistency between a plaintiff's claimed pain and his activities of daily living is an acceptable consideration in assessing credibility.  Plaintiff does not deny that he engages in the activities as described by the ALJ.  Second, although Plaintiff contends that his reports of low levels of pain to his chiropractor in March and April 2011 were preceded by reports of higher levels of pain earlier in the year, this does not detract from the ALJ's finding that the low level pain reports to the chiropractor are inconsistent with Plaintiff's testimony that he experiences continual high levels of pain causing him to spend the vast majority of his time in a recliner.  Finally, the ALJ is permitted to engage in ordinary techniques of credibility determination and it was not unreasonable for him to disbelieve Plaintiff's assertion that he sought chiropractic treatment as a result of a car accident unmentioned in the records.

  Although the record may be capable of more than one interpretation, the ALJ's interpretation of the evidence relevant to his credibility determination was not unreasonable.  Because the ALJ's interpretation was rational and based on substantial evidence in the record, I must uphold it.  E.g., Burch, 400 F.3d at 680-81 (court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.").  The ALJ did not err in finding Plaintiff not credible.

II.  Treating Physician Opinion

  Social security law recognizes three types of physicians:  (1) treating, (2) examining, and

(3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(d)(1)-(2), 416.927(d)(1)-(2).

If the treating physician's medical opinion is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007); Holohan, 246 F.3d at 1202. If a treating physician's opinion is not given "controlling weight" because it is not "well-supported" or because it is inconsistent with other substantial evidence in the record, the ALJ must still articulate the relevant weight to be given to the opinion under the factors provided for in 20 C.F.R. §§ 1527(d)(2), 416.927(d)(2). Orn, 495 F.3d at 631.

If the treating physician's opinion is not contradicted by another doctor, the ALJ may reject it only for "clear and convincing" reasons. Id. at 632. Even if the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the treating physician's opinion without providing "specific and substantial reasons" which are supported by substantial evidence in the record. Id.

During 2009 and 2010, Plaintiff regularly saw Dr. Button at Rehabilitation Medicine Associates, P.C. Tr. 494-520, 525-45, 568-78. The ALJ referred to Dr. Button as Plaintiff's primary care physician and his "long time treating physician." Tr. 25, 27. On August 2, 2010, Plaintiff saw Dr. David Koon, M.D., another physician in Dr. Button's practice at Rehabilitation

Medicine Associates. Tr. 569-70.[1] Dr. Koon noted that Plaintiff had seen Dr. Button and that Dr. Koon was "asked to consult in regards to his work status." Tr. 569. He then performed a physical examination and rendered an assessment. Tr. 569-70. As part of his assessment, Dr. Koon completed a multi-page RFC questionnaire. Tr. 580-87. There, he expressed several opinions regarding Plaintiff's lumbar spine functionality, including one the ALJ expressly incorporated into the ALJ's RFC: limiting Plaintiff to "4-hours (cumulatively, not consecutively) in a normal 8-hour workday with normal breaks for sitting and standing." Tr. 27.[2] Dr. Koon also indicated that Plaintiff would have problems with stamina and/or fatigue, would need to take unscheduled ten to fifteen minute breaks twice per day during an eight-hour day, and would need to be absent about twice per month as a result of his impairments. Tr. 584-86.

Plaintiff argues that the ALJ erred because while stating that he gave Dr. Koon's assessment "great weight," Tr. 27-28, he failed to mention Dr. Koon's limitations related to fatigue, unscheduled breaks, and missing work twice per month. Moreover, when the ALJ questioned the vocational expert (VE) at the hearing and presented her with a hypothetical which became the basis for the RFC the ALJ adopted in his decision, the VE, in response to the ALJ's question, testified that the claimant could not perform the electronics worker or small products

---

[1] It is unclear if the ALJ considered Dr. Koon to be a treating or examining physician but for the purposes of this particular analysis, the distinction is irrelevant. E.g., Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) ("To reject an uncontradicted opinion of a <u>treating or examining doctor</u>, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a <u>treating or examining doctor's opinion</u> is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence") (emphasis added).

[2] The actual RFC stated that Plaintiff required "a sit-stand option, being able to sit, stand and walk up to 4-hours in each activity (cumulatively, not consecutively) in a normal 8-hour workday with normal breaks." Tr. 26.

11 - OPINION & ORDER

assembly jobs if the claimant would regularly miss two or more days of work per month.  Tr. 82.  Such a claimant would not be suitable for competitive employment.  Id.  Given this testimony, Plaintiff argues that the ALJ's failure to incorporate all of Dr. Koon's limitations into the RFC was prejudicial error.

    Defendant argues that assuming that the ALJ erred by providing no reason to discount some of Dr. Koon's opinions, Plaintiff fails to show prejudice warranting remand.  Defendant contends that because the ALJ gave great weight to Dr. Button's opinion and also found the RFC supported by non-examining physician Dr. Mary Ann Westfall, M.D., see Tr. 28 (citing Tr. 99-107, 360-67), those practitioners' opinions provide substantial evidence for the ALJ's RFC.  Defendant argues that Plaintiff fails to explain how the ALJ's consideration of Dr. Koon's opinion would have affected the ALJ's decision in light of his reliance on the substantial evidence provided by Dr. Button and Dr. Westfall.

    It is error for the ALJ to ignore a treating or examining physician's opinion.  E.g., Huston v. Bowen, 838 F.2d 1125, 1131 (10th Cir. 1988) ("ALJ may not ignore the evidence"); Vanderpool v. Astrue, No. 03:10–cv–06264–HU, 2012 WL 2679337, at *21 (D. Or. June 14, 2012) (failing to acknowledge opinions of treating sources was error), adopted by J. Mosman (D. Or. July 5, 2012); see also Campbell v. Astrue, 627 F.3d 299, 306 (7th Cir. 2010) ("ALJ may not selectively discuss portions of a physician's report that support a finding of non-disability while ignoring other portions that suggest a disability").  Furthermore, when the record contains VE testimony that one of the ignored physician opinions precludes competitive employment, the claimant establishes prejudicial error.

    Defendant's argument requires this Court to effectively adopt a rationale supporting the

12 - OPINION & ORDER

ALJ's decision that the ALJ himself did not articulate.  Defendant would have this Court conclude that given the ALJ's endorsement of other physicians' opinions, the ALJ would have credited those opinions over the assessment provided by Dr. Koon.  However, the district court may not make its own independent findings, and is "constrained to review the reasons the ALJ asserts."  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  Thus, because of the prejudicial error, remand is required.  However, given that the record contains evidence supporting the ALJ's determination, remand for additional proceedings is appropriate to allow the ALJ to specifically address all of the limitations assessed by Dr. Koon in the context of the medical evidence as a whole.

## CONCLUSION

The Commissioner's decision is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

Dated this 28 day of January, 2014

Marco A. Hernandez
United States District Judge

13 - OPINION & ORDER